Dear Senator Michot:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You have asked for our opinion on several matters related to performance-based energy efficiency contracts. Specifically, you ask for our opinion on the following questions:
1. Please clarify the requirements to form a valid performance-based energy efficiency contract under Louisiana law, as addressed in Attorney General Opinion Nos. 99-280 and 07-0002;
2. Are stipulated energy and/or operational and maintenance savings permitted in a performance-based energy efficiency contract if the stipulations are based upon pre-contractual measurements of historical equipment, operations and maintenance information of a public entity; and
3. May a public entity amend an existing performance-based energy efficiency contract to further ensure compliance with state and local law?
The requirements to form a valid performance-based energy efficiency contract are established by statute. Over the last several years, the legislation allowing and governing performance-based energy efficiency contracts has undergone substantial modifications. As it stands now, political subdivisions and state agencies operate under two different statutory schemes. La. Rev. Stats. 33:4547.1-4547.3 authorize political subdivisions to enter into performance-based *Page 2 
energy efficiency contracts for services and equipment and further outline the procedures and requirements for executing such contracts. La.Rev.Stat. 39:1496.1 authorizes state agencies to enter into such contracts and similarly provides the procedures and requirements for executing such contracts. Both of the opinions cited in your opinion request concern performance-based energy efficiency contracts executed by political subdivisions. These opinions centered on the provisions of La.Rev.Stat. 33:4547.1 through 33:4547.3 and the statutory requirement that performance-based energy efficiency contracts contain "guaranteed" savings.
In Attorney General Opinion No. 99-280, we were asked to opine as to whether a proposed maintenance contract qualified as a performance-based energy efficiency contract. In our response, we made specific reference to the provisions of La.Rev.Stat. 33:4547.3 and stated the following with respect to the "guarantee" of savings:
"R.S. 33:4547.3A says that all such contracts `shall contain a guarantee of energy savings.' This is taken to mean that the gross amount of energy consumed will be reduced as a result of the performance of the contract. Paragraph B then provides that `maintenance savings shall be included' in calculating annual energy cost savings. Taken together, these provisions require that maintenance savings and energy savings be factored into the contract in calculating the fee due pursuant to R.S. 33:4547.1 B. This provision would simply require that the contract result in a reduction of the total of expenses for all elements related to energy efficiency when comparing those costs before the contract and then under the contract. The result shall be a gross savings in energy related expenses, from which contract fees are to be paid."
Later, in Attorney General Opinion No. 07-0002, we were asked to opine as to whether a certain contract at issue in that opinion provided the "guarantees" required by the applicable performance-based energy efficiency contracts law. As before, in our response we made specific reference to the provisions of La.Rev.Stat. 33:4547.1-4547.3 and stated the following:
"Taken together, these provisions require that maintenance savings and energy savings be factored into the contract in calculating the fee due pursuant to R.S. 33:4547.1 B. The result must be a gross savings in energy related expenses, from which contract fees are to be paid, and these savings must be guaranteed." *Page 3 
We then went on to reference the terms of the contract, which included the following paragraph:
Operational Stipulated Savings
The Customer and the Contractor agree to stipulate that the Operational Stipulated Savings will be deemed to be achieved upon execution of this Agreement. Neither the Customer nor the Contractor will have any right to object to the use of such amounts as the Operational Stipulated Savings in the calculation of Actual Annual Savings.
In our view, the contract at issue did not meet the statutory definition of a performance based energy efficiency contract. Our reasoning was:
"While the operational savings are deemed to have been achieved, that doesn't mean those savings will actually materialize. It merely means that the parties to the Contract agree that those are the numbers that will be used to determine the amount of savings. If for some reason the actual operational savings are less that the amounts stipulated, IPSB has no recourse. Siemens is not required to measure or verify the achievement of these stipulated savings, and in the event the stipulated savings aren't met, Siemens is not obligated to pay IPSB an amount equal to the deficiency. The stipulated savings aren't actually guaranteed. This means that the savings which are guaranteed under the Contract only amount to $2,136,270, which is less than IPSB's payment obligation.
 ***
To be clear, it is not our opinion that stipulated savings can't be included in performance-based energy efficiency contracts. However, for the stipulated operational savings to be included in the total guaranteed savings, those savings must actually be guaranteed. In order for the operational savings to be guaranteed, the Contract would have to provide for some type of measurement and/or verification of the operational savings, and require Siemens to reimburse IPSB for any deficiency."
Thus, with respect to your first and second question, it is our opinion that in order to be a valid performance-based energy efficiency contract, pursuant to statute, the annual energy cost savings must be "guaranteed." As stated in Opinion No. 07-0002, we can find no prohibition against having stipulated savings. As such, *Page 4 
we do not see any prohibition against basing any stipulated savings upon precontractual measurements of historical equipment, operations, and maintenance information of a public entity.
However, as stated in Attorney General Opinion No. 07-0002, any stipulated savings provision must be subject to some type of contractual measurement and verification on a recurring basis. Further, we believe the contract must contain some sort of a mechanism to require a reimbursement for any deficiency and/or default. At the time Attorney General Opinion Nos. 98-280 and 07-0002 were issued, the applicable law was silent on the prescribed method of measurement and verification.[1] As such, the parties to these performance-based energy efficiency contracts were free to devise their own mutually acceptable method of measurement and verification.
Thus, with respect to your third and final question, for those contracts where the applicable performance-based energy efficiency law was silent as to a prescribed method of measurement and verification, it is our opinion that the parties to these contracts were free to devise their own mutually acceptable method of measurement and verification and are free to include their understanding in their existing contracts.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:________________________ MICHAEL J. VALLAN
Assistant Attorney General
JDC/MJV/ch
[1] Even though the present opinion concerns contracts executed while the law was silent on a prescribed method of measurement and verification, the law in its current form appears to prescribe a method of measurement and verification and also include various safeguards that must be followed before a performance-based energy efficiency contract may be executed. Any contracts that are/were executed while such requirements were in place must conform to these requirements.